IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SINDI R. TRACEY and MICHAEL L. TRACEY, | ) ) ) | Case No. 3:22-cv-189 |
| Plaintiffs, | ) ) | JUDGE STEPHANIE L. HAINES |
| v. | ) ) | |
| ROBERT FABIAN and KELLY FABIAN, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs Sindi R. Tracey ("Mrs. Tracey") and Michael L. Tracey's ("Mr. Tracey") (collectively, "Plaintiffs") Motion to Strike Defense Experts, Andrew Rentschler, Ph.D and Kimberly Wallace, R.N. (the "Motion") at ECF No. 49. Defendants Robert Fabian and Kelly Fabian (collectively, "Defendants") filed a Response in Opposition to the Motion at ECF No. 51. Accordingly, the Motion is ripe for disposition. For the following reasons, the Court will **DENY** the Motion.

## I.    Background

This case arises from Plaintiffs' attempt to purchase a home, then-owned by Defendants, and an injury that occurred to Mrs. Tracey inside that home. (ECF No. 1 ¶¶ 4–8).[1] In their Complaint, Plaintiffs assert four claims against Defendants: (i) negligence, (ii) loss of consortium, (iii) breach of the Pennsylvania Real Estate Seller Disclosure Law, and (iv) breach of contract. (ECF No. 1 ¶¶ 7–32). After a number of continuances, the Court set the expert discovery deadline for August 13, 2024. (ECF No. 48).

---

[1] For more detail on the general background of this case, see ECF No. 46 at 2–6.

On August 16, 2024, Plaintiffs filed their Motion. (ECF No. 49). Therein, Plaintiffs state that "[o]n August 14, 2024, for the first time, [D]efendants disclosed their intent to call an expert biomedical engineer named Andrew Rentschler, Ph.D." (*Id.* ¶ 5). Plaintiffs further state, "[a]lso again, for the first time[,] [D]efendants … identified Kimberly Wallace, R.N. as having done a medical records review. She authored a report dated August 11, 2024, [which Defendants] provided to [P]laintiff[s] on August 13, 2024." (*Id.*). According to Plaintiffs, they "were unaware of either of these experts' existence and opinions until after the close of expert discovery." (*Id.*). Plaintiffs claim that the timing of these disclosures prejudice them and that the content of the experts' opinions are duplicative. (*Id.* ¶¶ 7–8). Plaintiffs did not cite any law supporting their position.

On August 29, 2024, Defendants filed their Response in Opposition to the Motion. (ECF No. 51). Therein, Defendants state that they "provided their expert disclosures to [P]laintiffs' counsel, in full compliance with th[e] May 2, 2024 Order [at ECF No. 48]." (ECF No. 51 ¶ 3). Defendants attached to their Response an email from defense counsel to plaintiff counsel—dated April 13, 2024—containing a share-link with the following text: "Below is a link to our expert reports and C.V.'s in this case. We will provide Dr. Rentschler's report as soon as it is received. His CV is in the link." (ECF No. 51-2). Accordingly, Defendants state that "Plaintiffs['] claim that … [D]efendants' disclosures were not made until August 14, 2024 is plainly false." (ECF No. 51 ¶ 4). Further, Defendants state that "even if true, [P]laintiffs cannot credibly claim any real prejudice from a delay of disclosure of less than 24 hours." (*Id.* ¶ 5). Additionally, regarding the duplicative argument, Defendants also state that "[t]he proper vehicle to assert such an argument, even if it did have merit, would be a motion in limine[.]" (*Id.* ¶ 11). Defendants, like Plaintiffs, did not cite any law supporting their position.

## II.    Analysis

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If an expert witness has been retained to provide expert testimony, the retaining party's disclosure "must be accompanied by a written report[,] prepared and signed by the witness[,] and the report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

In this case, the Court ordered the parties to make the expert disclosures by August 13, 2024. Plaintiffs concede that Defendants' disclosure regarding Kimberly Wallace, R.N. was timely. (ECF No. 49 ¶ 5) ("[Kimberly Wallace, R.N.] authored a report dated August 11, 2024[, which Defendants] provided to [P]laintiff[s] on August 13, 2024."). Therefore, the Court finds that Plaintiffs' argument regarding Kimberly Wallace, R.N. is without merit.

Regarding Andrew Rentschler, Ph.D. ("Dr. Rentschler"), Defendants have attached an exhibit to their Response in Opposition that shows Defendants identified and disclosed their intent to call Dr. Rentschler as a witness on August 13, 2024 (ECF No. 51-2), contrary to Plaintiffs' assertion that Defendants did not make this disclosure until August 14, 2024. Nevertheless, the

date of Dr. Rentschler's expert report—August 14, 2024—calls into question whether Plaintiffs' *full* disclosure, pursuant to Rule 26(a), was timely.  (*See* ECF No. 49-1).

"If a party fails to provide information or identify a witness as required by Rule 26(a) … , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  "Failure to comply with the mandate of the Rule [26(a)] is harmless when there is no prejudice to the party entitled to disclosure."  *D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-CV-1026, 2006 WL 1644742, at *4 (D.N.J. June 8, 2006) (quoting *Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996)).  "Factors to consider when determining whether a failure was harmless include [i] prejudice or surprise to a party against whom evidence is offered, [ii] the ability to cure the prejudice, [iii] likelihood of disruption to trial, and [iv] bad faith."  *Id.* (citing *In re Mercedes-Benz Anti-Tr. Litig.*, 225 F.R.D. 498, 505 (D.N.J. 2005)); *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (employing the same factors when considering whether to allow a party to supplement its expert's report after the time provided for doing so by the court has expired).

Here, if Defendants made their full disclosure on August 14, rather than August 13, their failure to timely disclose is nonetheless harmless.  In other words, while the Court emphasizes the importance of adhering to court-ordered deadlines, the Court does not find that Defendants' alleged failure, if true, warrants the strict sanction of granting Plaintiffs' Motion to Strike.

First, on August 13, 2024, Defendants identified Dr. Rentschler to Plaintiffs, disclosed their intent to use him as an expert witness, and provided Plaintiffs with Dr. Rentschler's CV.  (*See* ECF No. 51-2).  Thus, Defendants did not surprise Plaintiffs by the full disclosure of Dr. Rentschler— regardless of whether Defendants completed the full disclosure on August 13 or August 14.

Second, if Defendants made their disclosure on August 14, not only did they have the ability to cure any prejudice that could have arisen from a less-than-24-hour-late disclosure, but they did cure any prejudice that could have arisen by fully satisfying Rule 26(a)(2)'s requirements. Third, a less-than-24-hour-late disclosure has no likelihood of disrupting the trial in this case, especially considering the Court has not given a trial date yet. Finally, Plaintiffs have provided no evidence that the allegedly late disclosure was made in bad faith. Accordingly, the Court holds that even if Defendants fully completed their disclosure one-day late, such delay was harmless.[2]

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** in full Plaintiffs' Motion to Strike Defense Experts, Andrew Rentschler, Ph.D and Kimberly Wallace, R.N. at ECF No. 49. An appropriate Order follows.

DATE: March 31, 2025

**BY THE COURT:**

**STEPHANIE L. HAINES**
**UNITED STATES DISTRICT JUDGE**

---

[2] Regarding Plaintiffs' duplicative arguments, the Court agrees with Defendants that this is an issue better suited for a motion in limine. *See Burdyn v. Borough*, No. 3:12-CV-2236, 2017 WL 394326, at *2 (M.D. Pa. Jan. 26, 2017) ("Without knowing the full qualifications and specializations of each expert witness and the contents of each expert witness's testimony, nor having seen any of the experts' full reports, the Court is unable to determine whether any expert witness's testimony will prove to be impermissibly cumulative.").