## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

SINDI R TRACEY AND
MICHAEL L. TRACEY,
HER HUSBAND,
      Plaintiffs,

      v.

ROBERT FABIAN AND
KELLY FABIAN, HIS WIFE,
      Defendants.

Civil Action No.: 3:22-cv-189
Judge D. Brooks Smith
Sitting by Designation[*]

## MEMORANDUM AND ORDER OF COURT

Smith, *Circuit Judge*.

This diversity action arises out of the termination of an executed agreement for the sale of a house. After executing the agreement of sale and tendering the required deposit, the buyers – husband and wife – inspected the house. While on the premises, the wife fell when coming down the steps, fracturing her leg and sustaining other injuries. Within days, the buyers terminated the agreement. This suit followed with a complaint alleging four counts. Upon completion of discovery, the sellers moved for partial summary judgment on two of the counts contained in buyers' complaint. The motion will be DENIED.

---

[*] By order dated December 19, 2025, the Honorable Michael A. Chagares, Chief Judge, of the U.S. Court of Appeals for the Third Circuit, designated and assigned Circuit Judge D. Brooks Smith pursuant to 28 U.S.C. § 291(b) to hold court in the Western District of Pennsylvania.

I.

In June 2022, Sindi R. Tracey and her husband Michael L. Tracey, citizens of Washington State, contacted Robert Fabian and his wife Kelly concerning a house the Fabians were selling that was located in Somerset, Pennsylvania. Cm/ecf no. 1, ¶ 2 (hereafter Complaint); Complaint Ex. A, p. 1 (hereafter Agreement); cm/ecf no. 68-8, at 14-15. Mrs. Tracey arranged for her cousin, who lived in the Somerset area, to help her and her husband "determine whether [they] were going to purchase the home" by visiting and taking a look at the property. Cm/ecf no.68-8, at 16. After the cousin's visit, the Traceys decided they would purchase the house, *id.* at 18, for $500,000. They instructed Mrs. Tracey's cousin to tender the required $50,000 deposit and provided him with funds to do so. *Id.* at 18, 23. Mrs. Tracey testified during her deposition that her husband intended to "ask for an extended time in the contract to inspect the house since [they would] have to fly to Pennsylvania." *Id.* at 18. On June 12, 2022, the Traceys executed the Agreement of Sale. The Fabians signed the Agreement the following day.

The Agreement called for settlement on September 1, 2022. Although there was no contingency for securing a mortgage, the buyers did not waive their right to inspect the property. Agreement, ¶¶ 8, 12. Specifically, the Agreement entitled the buyers to "make two pre-settlement walk-through inspections of the Property for the limited purpose of determining that the condition of the Property is as required

2

by this Agreement and any addenda." *Id.* ¶ 12(A)(2).  It further stated that the buyer's "right to these inspections is not waived by any other provision of this Agreement." *Id.*

Paragraph 12(B) provided that the buyers could waive or elect to have certain other inspections conducted.  Paragraph 12(C) set out that any inspections buyers elected to conduct had to be completed and a report prepared within a contingency period and that the buyers then had to "accept the Property, terminate this Agreement, or submit a written corrective proposal to Seller, according to the terms of Paragraph 13(B)."  Agreement, ¶ 12(C).  The Traceys elected to have two inspections conducted: a "Home/Property Inspections and Environmental Hazards" inspection; and an inspection for wood infestation.  *Id.* ¶ 12(C).  The contingency period, which allotted twenty days for the inspections and reports to be completed, ended on Monday July 4, 2022.  *See id.* ¶ 13(A).

The two inspections that the Traceys elected set out additional requirements.  Relevant to this dispute is the home inspection clause, which stated that "Buyer may conduct an inspection of the Property's structural components."  Agreement, ¶ 12(C).  This clause further stated:

> If Buyer elects to have a home inspection of the Property, as defined in the Home Inspection Law, [68 Pa. Cons. Stat. § 7501, et seq.], the home inspection must be performed by a full member in good standing of a national home inspection association, or a person supervised by a full member of a national home inspection association, in accordance with the ethical standards and code of

conduct or practice of that association or by a properly licensed or registered engineer or architect.

*Id.*

On Thursday June 23, 2022, the Traceys personally visited the house for the first time. At Mrs. Fabian's request, Mrs. Tracey removed her shoes before walking through the house. Cm/ecf no. 68-8, at 24. During this visit, Mr. Tracey noticed that a humidifier was not working properly and that there were some issues with paint. *Id.* at 25-26. The Traceys returned on June 27 for another view of the house and grounds, during which Mr. Tracey questioned whether an upstairs room had air conditioning. *Id.* at 30-31.

At some point on the 27th, while descending the steps, Mrs. Tracey fell and fractured her leg. Three days later, on June 30, the buyers' attorney sent a letter to the sellers that stated: "Based upon [their] inspection, our clients find the Property unsatisfactory and are electing to terminate and cancel the Agreement of Sale, exercising rights granted in Paragraph 12(B)(2) and pursuant to Paragraph 26(A)." Paragraph 26(A) provided that "[w]here Buyer terminates this Agreement pursuant to any right granted by this Agreement, Buyer will be entitled to a return of all deposit monies paid on account of Purchase Price . . . and this Agreement will be void." Agreement, ¶ 26(A).

The letter further stated: "To the extent an explanation is required, the hazardous and unsafe staircase is one obvious reason." Cm/ecf no. 68-5. The

letter went on to state that there were "other material defects," including a "faulty humidifier," and that there had been a "misrepresentation that the entire house had central air." *Id.* The letter demanded a return of the deposit. *Id.*

When the deposit was not returned, this lawsuit followed. The buyers asserted claims of negligence, loss of consortium, violation of Pennsylvania's Real Estate Seller Disclosure Law, and breach of contract for failure to return the $50,000 deposit. The sellers moved for partial summary judgment on the two counts alleging a violation of the Pennsylvania Real Estate Seller Disclosure Law and a breach of contract.[1]

The sellers contend that they are entitled to retain the $50,000 deposit because the buyers "violate[d] or fail[ed] to fulfill and perform" a term of the Agreement. Cm/ecf no. 68 (quoting Agreement ¶ 26(E). In sellers' view, the buyers violated the Agreement because the home inspection had "to be conducted by a **qualified** home inspector," and it was not. Cm/ecf no. 68, at 3.

The sellers also assert that Michael Tracey's inspection on June 27 did not constitute a valid basis for termination as he was neither a member of the National

---

[1] Although the sellers have moved for partial summary judgment and have complied with the local rule requiring that the motion be accompanied by a concise statement of material facts and a supporting memorandum, W.D. Pa. L.Cv.R. 56(B), the buyers have filed only a response to the motion. Noticeably absent, though required by the local rule, is a response from the buyers to the concise statement of facts or a memorandum in opposition addressing the applicable law. *Id.* 56(C).

Home Inspection Association nor a professional engineer as required by paragraph 12(B) and (C) of the Agreement. Cm/ecf no. 68, at 5. Mr. Tracey admitted as much during his deposition, although he explained he had experience in welding and had been a licensed electrician who worked in construction on temperature control systems. Cm/ecf no. 68-7, at 7-11. In addition, sellers contend that they had no obligation to inform the buyers that Michael Tracey's inspection failed to comply with the requirements of the contract. Cm/ecf no. 68, at 6. In the absence of a qualified inspection and a report establishing material defects, the sellers assert that the termination was improper and that they are entitled to retain the $50,000 deposit.

The buyers oppose the motion. Cm/ecf no. 71. In the only document they filed, a "Response/Answer in Opposition to Defendants' Motion for Summary Judgment," they deny most of the motion's averments. *Id.* Substantively, they dispute that the inspections under the Agreement were as limited as the sellers contend, citing paragraph 12(A)(2) and 12(C). *Id.* ¶ 9. Paragraph 12(A)(2) allowed the buyers to make "two pre-settlement walk-through inspections." And 12(C) pertained to the home inspection of the property.

## II.

District courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As the Supreme Court reiterated in *Tolan v. Cotton*, 572 U.S. 650, 656 (2014), "a 'judge's function' . . . is not 'to weigh the evidence'" and resolve the dispute, "'but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 249). "In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970)).

III.

Sellers motion for partial summary judgment seeks dismissal of the count alleging a violation of Pennsylvania's Real Estate Seller Disclosure Law. *See* 68 Pa. Cons. Stat. §§ 7301–7315. The motion refers to that law only once in its recitation of the complaint's causes of action. Cm/ecf. no. 68, at 2, ¶ 4. And the sellers' brief also contains just a single reference to the Real Estate Seller Disclosure Law, unaccompanied by even a citation to the statutory provisions. Cm/ecf no. 69, at 1. But the moving documents fail to discuss the applicable law or "explain why there are no genuine issues of material fact to be tried." W.D. Pa. L.Cv.R. 56(B)(2). Sellers' passing reference to this claim, along with their failure to develop either a legal argument in support of summary judgment or facts that

would entitle the sellers to relief, amount to a waiver of the issue at this stage in the proceedings. Summary judgment on this claim will be denied. *See Laborers' Int'l Union of N. Am. AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *Reynolds v. Wagner,* 128 F.3d 166, 178 (3d Cir. 1997) ("As a threshold matter, an argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the record) will be deemed waived."). Sellers may renew their argument in a document properly explaining why they are entitled to judgment as a matter of law and providing record citations to support their position.

## IV.

Turning to sellers' motion for summary judgment on their breach of contract claim, I will deny that motion as well. It is well-settled in Pennsylvania that the "intent of the parties to a written contract is to be regarded as being embodied in the writing itself." *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982). "[W]hen the words are clear and unambiguous[,] the intent is to be discovered only from the express language of the agreement." *Id.* The court's function is not to rewrite the contract. *Id.* at 662. Rather, the court's duty "is confined to the interpretation of the one which [the parties] have made for themselves without regard to its wisdom or folly." *Id.* (internal citation and internal quotation marks omitted).

Here, neither party asserts that the contract is ambiguous.  Rather, the sellers contend that the Agreement is clear that termination is permitted only after the completion of a home inspection by a qualified individual.  In sellers' view, because a qualified individual as defined by paragraph 12(C) did not conduct the inspection, buyers' termination of the Agreement constitutes a breach for which no refund of the deposit is required.  *See* Agreement, ¶¶ 12(B), 12(C), 13, 26.

If paragraph 12(B), 12(C) and 13 of the Agreement governed this issue, there might be merit to the sellers' motion for summary judgment on this breach of contract claim.  However, the buyers rely on paragraph 12(A), which secures for the buyers "two pre-settlement walk-through inspections of the Property for the limited purpose of determining that the condition of the Property is as required by this Agreement."[2]  Cm/ecf no. 71, ¶ 9 (citing Agreement, ¶12(A)(2)).  In other words, the two inspections by the buyers preserved by paragraph 12(A) are different in kind from an inspection under the Home Inspection Law that must be conducted by specified individuals under 12(B) and (C).

This distinction between the two types of inspections, i.e., a buyer's own inspection versus a home inspection conducted by a qualified individual under the

---

[2]  Buyers also cite paragraph 12(C), which states "Buyer may conduct an inspection of the Property's structural components."  Cm/ecf no. 71, ¶ 9.  Whether this established a right for the buyers to inspect, independent of the pre-settlement walk-through inspections, has not been briefed and it will not be addressed here.

Home Inspection Law, is evident from the Agreement's text. Nothing in the language of 12(A) requires the inspection to be conducted by someone other than the buyers. In paragraph 12(A), the "right" to the buyer "inspections is not waived by any other provision of this Agreement." Agreement, ¶12(A)(2). Yet in 12(B) and (C), the home inspection may be waived and, if elected, "must comply with the Home Inspection Law." *Id.* ¶ 12(B). And 12(C) specifies that such an inspection requires the service of certain credentialed individuals. *Id.* ¶ 12(C); *see also* 68 Pa. Cons. Stat. § 7501 (noting §§ 7501–7513 "shall be known . . . as the Home Inspection Law"); *Id.* § 7506 (specifying that real estate agreements for houses must include a provision that states, as set forth in this provision, the specific persons who may conduct home inspections under the Home Inspection Law).

The fact that there are two types of inspections is made clear by the language of paragraph 13, which addresses the inspection contingency. There, the provision applies to only "inspections elected in Paragraph 12(C)," *i.e.*, a home inspection by a qualified inspector who prepared a "Report." Agreement, ¶ 13(B)(1), (2), (3). Nothing in paragraphs 12(B) and 12(C), or in paragraph 13, sweeps in a buyer inspection under paragraph 12(A).

Because it appears that the buyers terminated the agreement pursuant to their pre-settlement walk-through inspection and its results, the sellers have failed to

10

establish that they are entitled as a matter of law to summary judgment on the breach of contract claim based on the lack of a qualified inspector.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 16th day of July, 2026, upon consideration of the record, Defendants' Motion for Partial Summary Judgment, cm/ecf no. 68, brief in support thereof, cm/ecf no. 69, and Plaintiffs' Response/Answer in Opposition thereto, cm/ecf no. 71, it is hereby ORDERED that Defendants' Motion for Partial Summary Judgment, cm/ecf no. 68, is DENIED.


s/D. Brooks Smith
D. Brooks Smith
U.S. Circuit Judge